LAW OFFICE OF SANDI RHEE
1712 N STREET, N.W.
WASHINGTON, D.C. 20036
202-450-6125 (office)
202-285-8366 (cell)
SandiRheeLaw@Gmail.com

December 15, 2014

**VIA ECF and Courtesy Copy**
Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: <u>United States v. J.P.Morgan Accounts 13 CV 5567 (MKB)</u>

Dear Judge Brodie:

  The undersigned counsel respectfully submits this letter in accordance with your Honor's rules governing civil motion practice. The Claimant in this case requests a pre-motion conference in order to obtain leave to file a motion to dismiss the above captioned *in rem* action pursuant to Federal Rule of Civil Procedure 12(b) and Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for failure to state a claim upon which relief can be granted. On October 30, 2014, the undersigned sent a courtesy copy of a motion to dismiss this action to Government counsel in this matter. The Government did not respond to the arguments raised therein, but instead, on December 3, 2014, filed a letter asking for leave to file a motion for default judgment and leave not to respond to the motion to dismiss. The undersigned will file a prompt response to the Government's letter and may seek leave to amend the Claim. Notwithstanding, as set forth herein, the Complaint in this case must be dismissed under the heightened standard of scrutiny imposed for *in rem* actions.

**Background**

  In this action, the United States has moved to forfeit the funds in two accounts maintained at JP Morgan Chase Bank (collectively the "JP Morgan Accounts") by Gustavo Julia and his wife, Amelia Dominguez. The Government alleges that money from an account ending in 7933 was used to rent an airplane that transported cocaine from Argentina, South America to Barcelona, Spain on or about January 8, 2011. Gustavo Julia was arrested in Barcelona, Spain in connection with this event. The remaining funds in the 7933 account were thereafter transferred to another JP Morgan account ending in 7420. The Government is attempting to forfeit the funds remaining in both JP Morgan Accounts based upon the "theory" that they are: (1) the proceeds of drug trafficking and/or funds used to facilitate such criminal activity; (2) property used to promote money laundering; or (3) substitute assets subject to forfeiture.

**The Verified Complaint Fails To Allege Sufficient Facts To
Satisfy The Requirements of An *In Rem* Forfeiture Proceeding**

A motion to dismiss an *in rem* forfeiture action is governed by Federal Rule of Civil Procedure 12(b) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). The Supplemental Rules expressly require that the Complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). The Supplemental Rules also require the government to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supp. R. E(2)(a). The pleading requirements imposed by the Supplemental Rules are "more stringent than the general pleading requirements set forth in the Federal Rules of Civil Procedure." because of the "drastic nature of the civil forfeiture remedy." United States v. Daccarett, 6 F.3d 37, 47 (2d Cir. 1993).

The *Verified Complaint* in this case does not allege – directly, indirectly or otherwise - that the proceeds of any prior drug transactions were deposited into the accounts or that any future drug transaction was contemplated with the funds remaining in the accounts. Likewise, no facts are alleged to support the contention that either account was used to launder the proceeds of drug trafficking or were used to "promote" any such offense. The theory that the funds in the JP Morgan Accounts can be forfeited as substitute assets also fails for several critical reasons, most particularly because the applicable one year statute of limitations bars the *Verified Complaint* filed in this case more than two years after the alleged drug trafficking took place. See 18 United States Code Section 984(b).

**The Claim For Forfeiture Pursuant to 21 U.S. Code Section 881
Fails To Allege A Sufficient Connection To Drug Trafficking**

The Government's first claim for relief is predicated upon the provisions of 18 United States Code Section 881(a)(6), which authorizes the forfeiture of "all moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . . all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this chapter."

In order to state a claim for relief pursuant to 21 U.S.C. Section 881(a)(6), the Government must prove that the funds sought to be forfeited have "a substantial connection to drug trafficking." United States v. $22,173.00, 716 F.Supp.2d 245, 250 (S.D.N.Y. 2010). The Verified Complaint fails to do this with any of the requisite particularity. First, the Verified Compliant does not identify what provision of the Controlled Substances Act was allegedly violated. The Claimant should not be required to guess at the Government's theory. Equally fatal is the absence of any facts to support the allegations in the *Verified Complaint* that the funds at issue were "derived from" or were "intended to be furnished in exchange for" drug trafficking. The Complaint does not

identify any prior drug transaction(s) as the source of the funds in the J.P. Morgan Accounts. Likewise, the Complaint does not allege any facts to support – or even infer - that the funds remaining in the account were to be used for a future drug shipment. The Government's analysis of the deposits into the J.P. Morgan Accounts is bereft of any link to drug trafficking. The conclusion that these funds are the proceeds of, or were to be used in for future drug trafficking is wholly speculative. [1]

**The Claim For Forfeiture Pursuant to 21 U.S. Code Section 981**
**Fails To Sufficiently Allege Promotional Money Laundering**

The Government's second claim alleges that the funds remaining in the J.P. Morgan Accounts are also subject to forfeiture pursuant to 18 United States Code Section 981(a)(1)(A) because there was an international transfer of funds with the "intent to promote" a specified unlawful activity. See 18 United States Code Section 1956(a)(2)(A). The Verified Complain, however, alleges only one international banking transaction into the 7933 Account– a wire transfer that took place on November 2, 2010 - more than two months before the alleged drug flight from Argentina to Spain. The Verified Complaint does not identify: (1) the source of the foreign wire transfer; (2) the reason for the transfer; or (3) allege any facts to even suggest that the transfer was made to promote a subsequent drug transaction.

The mere fact that the wire transfer went through the GC Gold Account is insufficient by itself to establish intent to promote. By its express terms, the statute requires proof of specific intent. No such mental state is alleged – inferred or even suggested - by the facts in the *Verified Complaint*. At a minimum, the Government must do more than allege some "incidental or fortuitous" connection between the account and the illegal activity in order to justify the forfeiture of legitimate funds. Marine Midland Bank v. United States, 1993 WL 158542 (S.D.N.Y.)("facilitation money laundering case). In this case, the Government has not cleared the hurdle of sufficiently pleading facts to establish the requisite *mens rea* required by the statute.

Respectfully submitted,

*Sandi S. Rhee*

_____
Sandi Rhee

---

[1] Both counts of the Verified Complaint are also barred by the applicable one year statute of limitations set forth in 18 United States Code Section 984(b). The Government alleges that the drug trafficking offense at issue in this action took place on or about January 8, 2011. See Verified Complaint at paragraphs 1, 13, and 17. Under the plain language and meaning of the statute, a forfeiture action is "commenced" by the filing of a Complaint. United States v. $83,274.51, 2013 WL 5524729 (N.D. Ala.) at pp. 6-7. In this case, the Verified Complaint was filed on October 8, 2013 – after the parties agreed to a seven month tolling of the statue of limitations. Even if the Verified Complaint were deemed to relate back *nunc pro tunc* to March 13, 2013 when the first waiver was executed, the complaint was still initiated more than two years after the alleged drug trafficking took place.