UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES | : |
| v. | : 13-CV-5567 (MKB) |
| $417,143.48 and $568.71 | : |
| Defendants In Rem | : |

**MOTION FOR LEAVE TO FILE VERIFIED
STATEMENT OF CLAIM *NUNC PRO TUNC***

**INTRODUCTION**

Claimant Amelia del Carmen Dominguez (the "Claimant"), moves this Court for leave to file the attached "Verified Statement of Claim" *nunc pro tunc*. As set forth herein, the Government waited more than seven months from the filing of the original Notice of Claim in this case before alleging that it was insufficient. The Government has known since the accounts at issue in this case were frozen in January of 2011 that Amelia del Carmen Dominguez was asserting an interest in the seized funds. There will be no prejudice to the Government by amending the Notice of Claim in this case to include the submission of the Verified Statement of Claim. Likewise, the interests of justice would be served if leave is granted for its filing *nunc pro tunc*.

**BACKGROUND**

In January 2011 the United States froze the funds in two accounts maintained at JP Morgan Chase Bank (collectively the "JP Morgan Accounts") by Gustavo Julia and his wife Amelia del Carmen Dominguez. Since the funds were initially seized, there has been contact between the claimants and representatives of the United States, along with some effort to negotiate a resolution of the matter. Those efforts, however, were

1

unavailing and the Government ultimately filed this *in rem* action against the two accounts. Some review of the subsequent timeline of this case is important is understanding why the instant motion for leave to file an Amended Notice of Claim should be granted.

On April 25, 2014 the undersigned filed a Notice of Claim in this case on behalf of Amelia Julia. No member of the U.S. Attorney's Office ever responded to the Notice or contacted the undersigned until early October 2014 when new Government counsel called to discuss the case. After reviewing the matter further and examining the allegations set forth in the Verified Complaint, the undersigned determined that a motion to dismiss was appropriate. On October 30, 3014, the undersigned sent an extensive draft motion to the Government setting forth the reasons why this action must be dismissed as a matter of law. Instead of responding directly - more than a month later - on December 3, 2014, the Government submitted a letter to this Court claiming that the Verified Claim submitted in this case was insufficient and moved for a default judgment.[1] The Claimant thereafter filed its own letter Notice with the Court, along with a summary of the arguments that support dismissing this action.

Upon further review of the rules governing *in rem* proceedings, the undersigned recognizes that a Verified Statement of Claim must be filed with the Court to perfect the Claimant's interest. Attached hereto as Exhibit A is a copy of such Statement completed by Amelia del Carmen Dominguez. No prejudice will result to the Government if this

---

[1] As part of that motion, Government alleged that it had "advised the Claimants that if they did not perfect their Claim and file an answer by October 16, 2014, the United States would move for a default judgment." In fact, the parties discussed the merits of this case in early October 2014, no mention was made of the Government's intention to file a motion to dismiss based upon an insufficient notice by the claimant.

Statement is filed *nunc pro tunc* in this case, since the notice simply confirms what the Government has known all along concerning Amelia's interest in the frozen funds.

ANALYSIS

The Federal Rules of Civil Procedure specifically provide for that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The factors relevant to this decision include: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. See, e.g., Horton Archery, LLC v. Farris Brothers, Inc. (2014 WL 1239382 (S.D.Miss.),

In this case, the Claimants have not previously sought to amend any pleading, and this motion only seeks to officially certify what the government has known from the very beginning of the administrative process concerning the Claimant's interest in the seized accounts. While the Verified Statement is being filed out of time, the case has not advanced past the point of the parties submitting letter notices to the Court concerning various legal matters. No discovery has been taken in the case, no substantive motions have been filed and docketed, and no court hearings have yet been held in this matter. The government and the Claimants, through counsel were previously in negotiations about this matter and thus, there is no unfair surprise to the government.

Moreover, the Government's own delay in responding to the original Notice of Claim filed in this case ought to be considered by the court in its evaluation of the instant motion for leave. The Government waited more than seven months after the Claim was filed and until after it had reviewed the draft Motion To Dismiss, before raising any challenge to the sufficiency of the Claimant's notice in this case. The *nunc pro tunc* filing

3

will enable this case to proceed forward to a substantive resolution on the merits, which is what the interests of justice demand under the circumstances. Moreover, the government has not, nor can it, allege any bad faith or motive on the part of the Claimant.

## CONCLUSION

For all the reasons set forth herein, the Claimant respectfully moves this Court to grant the motion for leave to file *nunc pro tunc*. An appropriate proposed Order is attached hereto for the Court's consideration.

Respectfully submitted,

*Sandi S. Rhee*

_____

Sandi Rhee, Esquire
Law Office of Sandi Rhee
1712 N Street, N.W.
Washington, D.C. 20036
D.C. Bar No. 502417
202-450-6125 (office)
202-285-8366 (cellular)
www.sandirheelaw@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this Motion For Leave to File a Verified Statement of Claim was sent via email to Assistant United States Attorney Tanya Hill, this 16th day of January, 2015. In conformity with the Court's Individual Practice and Rules, the pleading will be filed on the public docket via the Electronic Filing System in effect in the U.S. District Court for the Eastern District of New York.

                                                *Sandi S. Rhee*

                                                _____
                                                Sandi S. Rhee